IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| CHRISTOPHER GRIFFIN, | ) | |
| Plaintiff, | ) ) ) | 2:15-CV-01152-CRE |
| vs. | ) ) | |
| SPRINGDALE BOROUGH, JULIO MEDEIROS, III, KENNETH LLOYD, GENE POLSENELLI, | ) ) ) ) ) | |
| Defendants, | ) ) | |

## **MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

### I. INTRODUCTION

Presently before the Court is Defendants the Borough of Springdale, Gene Polsenelli, Kenneth Lloyd and Julio F. Medeiros III's motion to dismiss Plaintiff Christopher Griffin's civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [ECF No. 13]. For the reasons that follow, defendants' motion is granted in part and denied in part.

### II. BACKGROUND

Plaintiff Christopher Griffin ("Plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting a Fourteenth Amendment procedural due process claim and a claim for conspiracy against Defendants the Borough of Springdale (the "Borough"), former Borough Chief of Police Julio Medeiros, III ("Chief Medeiros"), Borough Mayor,

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

Kenneth Lloyd ("Mayor Lloyd"), and Borough Councilman Gene Polsenelli ("Councilman Polsenelli").

Plaintiff worked as a seasonal part-time police officer for Hanover Township and as a regular part-time police officer for Cheswick Borough starting in 2011. Plaintiff started working for the Borough in 2012 as a part-time police officer while he worked for Hanover Township and Cheswick Borough. Plaintiff also worked as a part-time officer for the Borough of Oakdale, Evans City and Adams Township. Plaintiff alleges that he performed well as a police officer for the Borough under the former police chief, Joe Naviglia and former mayor Eileen Miller. In late 2013, Plaintiff was supervised by the new Borough police chief, Chief Medeiros and new Borough mayor, Mayor Lloyd. In April 2014, Plaintiff resigned from Adams Township due to scheduling conflicts and so he could focus on working for the Borough.

On or about March 31, 2014, Chief Medeiros reviewed a police report authored by Plaintiff and instructed Plaintiff to change the facts of an accident report involving a female driver who struck a pole with her vehicle and fled and did not report the accident until later. Chief Medeiros instructed Plaintiff to redraft the report and describe the accident in a way that would not suggest that the driver was at fault and doing so would exonerate the driver from failing to report the accident when it occurred. Plaintiff refused to alter the report.

On or about May 12, 2014, Chief Medeiros provided Plaintiff with five letters to review that reflected that Chief Medeiros wanted to meet and speak about "investigations" regarding Plaintiff's attendance. On or about Friday, May 16, 2014, Medeiros sent a group text message to Plaintiff scheduling a pre-termination hearing for Monday, May 19, 2014 with union representative Carl Baily, Chief Medeiros and Mayor Lloyd. Plaintiff complained about the short notice, but the meeting occurred anyway. During this May 19, 2014 meeting, Plaintiff met

2

with Chief Medeiros, Mayor Lloyd, union representative Bailey and Councilman Polsenelli. Chief Medeiros began the meeting by complaining that Plaintiff allegedly missed a court date on April 7, 2016 and without providing Plaintiff with an opportunity to respond, Chief Medeiros switched topics and made a new allegation that Plaintiff was having trouble with a female officer, an allegation that was not in the letters submitted to Plaintiff. Without providing Plaintiff with any opportunity to respond to these allegations, Chief Medeiros switched topics and asked Plaintiff why he resigned from Adams Township. During the hearing, Plaintiff was not provided an opportunity to respond to the allegations in the five letters he was provided. After this, Mayor Lloyd, Councilman Polsenelli and Chief Medeiros left and spoke privately for fifteen minutes. Councilman Polsenelli then returned alone and informed Plaintiff and Baily that Mayor Lloyd and Chief Medeiros wanted Plaintiff to be terminated. Councilman Polsenelli told Plaintiff that he talked Mayor Lloyd and Chief Medeiros into letting Plaintiff resign but that Plaintiff had to decide right then. Plaintiff asked for more time to make his decision, he was granted this request and the meeting was adjourned. As Chief Medeiros left the meeting, he threatened Plaintiff to "keep quiet about this or criminal charges will be filed against you." Plaintiff alleges that this threat silenced his further defense, questions and speech and stopped him from pursuing the grievance procedure or pursuing his defense further with counsel. Plaintiff resigned from the Borough and was never charged with a crime. He alleges that this constructive discharge was retaliation for refusing to alter the police report, because other officers missed court appearances and were not terminated.

Plaintiff brought the instant action on September 1, 2015 alleging that the Defendants violated his Fourteenth Amendment procedural due process rights by denying him a hearing pursuant to *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ("*Loudermill*"), that the

Borough has a practice of denying police officers pre-termination, or *Loudermill* hearings, and that he was given no meaningful opportunity to respond to the allegations brought against him, and was silenced with the threat of criminal prosecution. Plaintiff also brings a conspiracy claim against all of the Defendants alleging that they agreed to deprive Plaintiff of his procedural due process rights.

### III. STANDARD OF REVIEW

The Federal Rules of Civil Procedure prescribe a notice pleading standard in which a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To satisfy this standard, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citations omitted).

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff need only allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of the claims. *Connelly v. Lane Cont. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). When analyzing a motion to dismiss, it is appropriate to separate the factual and legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11; *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) ("[T]he court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.") (quotation and citation omitted). Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"

4

*Fowler*, 578 F.3d at 211. This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

IV. **DISCUSSION**

    a. <u>42 U.S.C. § 1983 Claim</u>

To state a viable Section 1983 claim, the plaintiff must sufficiently plead that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Twp of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). "In order to prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the

5

operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (emphasis in original). Therefore, "[t]he mere fact that a defendant is in a supervisory position is insufficient to establish liability under Section 1983." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D.Pa. 2013).

Additionally, municipalities, like individuals, can be found liable for § 1983 claims. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, a municipality may not be found liable under a theory of *respondeat superior*, i.e., solely because it employs a tortfeasor. *Id.* Rather, the complaint must contain well-pled allegations that a municipal custom, practice, or policy caused the constitutional violation. *Id.* at 694. "To satisfy the pleading standard, [the plaintiff] must identify a custom or policy, and specify exactly what the custom or policy was." *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). "Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Id.* (quoting *Monell*, 436 U.S. at 690). Custom may also be established by evidence of knowledge and acquiescence. *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

Additionally, "it is a key element of a *Monell* claim" that the plaintiff identify the individual(s) with final policymaking authority. *Santiago*, 629 F.3d at 135 & nn. 10, 11. State law determines whether an individual has final policymaking authority, *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 237 (3d Cir. 2013), and we may not "assum[e] that municipal

policymaking authority lies somewhere other than where the applicable law purports to put it," *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988). "In looking to state law, a court must determine which official has final, unreviewable discretion to make a decision or to take an action." *Andrews*, 895 F.2d at 1481.

A. Exhaustion

There is no general exhaustion requirement for a claim under Section 1983. *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Where a plaintiff brings a procedural due process violation, he "must have taken advantage of the processes that were available, unless those processes were patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000). If a grievance process is available, "a plaintiff alleging a procedural due process violation must pursue that process before seeking redress in the courts, unless the grievance process is blocked or there is evidence that it is a sham." *Mariano v. Borough of Dickson City*, 40 F. Supp. 3d 411, 419 (M.D. Pa. 2014), on reconsideration, No. CIV.A. 3:13-0097, 2014 WL 5795679 (M.D. Pa. Nov. 6, 2014), appeal dismissed (May 18, 2015) (citing *Garzella v. Borough of Dunmore*, 280 Fed.Appx. 169, 173 (3d Cir.2008)).

Defendants first argue that Plaintiff failed to properly exhaust his administrative remedies under the collective bargaining agreement prior to filing this action. This argument fails. Police officers possess a property interest in their continued employment and "procedural due process requires a . . . pre-termination hearing regardless of grievance procedures." *Sube v. City of Allentown*, 974 F. Supp. 2d 754, 763 (E.D. Pa. 2013) (citing *Balliett v. City of Allentown*, 1994 WL 719637, *7–8, 1994 U.S.Dist. LEXIS 18216, *21–22 (E.D.Pa. Dec. 22, 1994) and *Schmidt v. Creedon*, 639 F.3d 587 (3d Cir.2011)). *See also Mariano*, 40 F. Supp. 3d at 419 ("[E]ven if it were true that plaintiff failed to utilize the post-termination processes afforded by the CBA, he

7

would still be entitled to challenge his pre-termination process."). Thus, Defendants' argument is rejected, as Plaintiff is entitled to challenge his pre-termination process regardless of the post-termination processes afforded under the collective bargaining agreement.

B. Municipal Liability

The Borough argues that Plaintiff's procedural due process claim against it should be dismissed because it is devoid of any factual allegations showing that the Borough had a pattern or practice of violating police officer's procedural due process rights or that any policymakers were aware of similar past conduct, but failed to take precautions against future violations leading to Plaintiff's injury.

The crux of Plaintiff's *Monell* claim is that the Borough has a pattern and practice of not affording police officers procedural due process with regard to a pre-termination or *Loudermill* hearings and cites in his complaint to other police officers who have been allegedly denied due process within the *Loudermill* hearing process by the Borough. In fact, the officers referred to by Plaintiff in his complaint have filed suit against the Borough in this Court alleging procedural due process violations in conducting *Loudermill* hearings. *See Naviglia v. Springdale Borough, et al.*, 2:15-cv-1029 (W.D.Pa. 2015) (J. Eddy) (failure to provide *Loudermill* hearing before termination); *Corr v. Springdale Borough, et al.*, 2:15-cv-637 (W.D.Pa. 2015) (J.Hornak) (failure to provide a *Loudermill* hearing before termination). Thus, Plaintiff has alleged sufficient facts to raise a reasonable expectation that discovery will uncover proof of his claim that the Borough has a pattern and/or practice of denying officers due process in *Loudermill* hearings and Defendants' motion is denied in this respect.[2]

---

[2] It must be noted that summary judgment was recently granted in favor of the defendants in *Corr v. Springdale Borough, et al.*, 2:15-cv-637 (W.D.Pa. 2015) [ECF No. 56] for the plaintiff's Fourteenth Amendment due process claim under an almost identical set of facts as

8

Defendants next argue that any claims brought against Councilman Polsenelli, Mayor Lloyd and Chief Medeiros in their official capacity must be dismissed as duplicative. Plaintiff concedes this point. Pl.'s Resp. Br. [ECF No. 18] at 7. Thus, any claims brought against Councilman Polsenelli, Mayor Lloyd and Chief Medeiros in their official capacities are dismissed as duplicative of the claims against the Borough. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991).

### C. Plaintiff's Fourteenth Amendment Procedural Due Process Claim against Individual Defendants

Next, Councilman Polsenelli and Mayor Lloyd argue that the complaint is devoid of facts that show that they acted in their individual capacities to deprive Plaintiff of a constitutional right.

To state a claim under Section 1983 for a deprivation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000)).

The complaint adequately states facts to show that Councilman Polsenelli and Mayor Lloyd were personally involved in the deprivation of Plaintiff's Fourteenth Amendment procedural due process right because they conducted and participated in the allegedly unconstitutional *Loudermill* hearing and did not provide Plaintiff with an opportunity to respond to the allegations levied before him prior to "constructively discharging" him. *See* Compl. [ECF No. 1] at ¶ 46.

### D. Qualified Immunity for Chief Medeiros

---

alleged here.

Next, Chief Medeiros claims that he is entitled to qualified immunity because "Plaintiff has failed to establish that his right to be free [from] criticism by Medieros was 'clearly established[.]'" Defs.' Br. in Supp. of Mot. to Dismiss [ECF No. 14] at 11. This argument is rejected as the right to a pre-termination *Loudermill* hearing is a clearly established right and Plaintiff does not claim that he has a constitutional right to be free from his supervisor's criticism. The Supreme Court's decision in *Loudermill*, and the Court of Appeals for the Third Circuit in *Gniotek v. City of Philadelphia*, 808 F.2d 241, 244 (3d Cir. 1986) clearly established that, absent extraordinary circumstances, police officers are entitled to a hearing prior to termination. *Accord Schmidt v. Creedon*, 639 F.3d 587, 598 (3d Cir. 2011). Thus, Chief Medeiros is not entitled to qualified immunity.

### E. Conspiracy Pursuant to 42 U.S.C. § 1985

Lastly, Defendants argue that Plaintiff has not alleged sufficient facts to form the basis of a Section 1985 conspiracy claim and alternatively argues that this claim is barred by the intracorporate conspiracy doctrine.

Plaintiff's complaint includes a claim of "conspiracy to deprive civil rights." Compl. [ECF No. 1] at ¶¶ 60-63. In their brief in support of the motion to dismiss, Defendants construe Plaintiff's claim as being brought under 42 U.S.C. § 1985. In his response to the motion to dismiss, Plaintiff contends that his complaint "has sufficiently pled a conspiracy to deprive civil rights pursuant to *Farber v. Paterson*, 440 F.3d 131, [sic] (3d Cir. 2006)." Pl.'s Resp. Br. [ECF No. 18] at 8. Accordingly, the Court will construe Plaintiff's complaint as asserting a conspiracy claim under Section 1985.

To prevail on a Section 1985 conspiracy claim, a plaintiff must establish: (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person of the equal

protection of the law or equal privileges or immunities; (3) an act in furtherance of the conspiracy; and (4) that plaintiff was either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bd. of Carpenters & Joiners, Local 610, AFL-CIO v. Scott,* 463 U.S. 825, 828-829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). In *Farber* the Court of Appeals for the Third Circuit comprehensively analyzed the basic requirement in a Section 1985(3) claim that the "plaintiff must allege both that the conspiracy was motivated by discriminatory animus against an identifiable class and that the discrimination against the identifiable class was invidious." *Farber*, 440 F.3d at 135. The complaint is devoid of any factual allegations that the Defendants were motivated by invidious discriminatory class-based animus. Therefore, under *Farber*, which Plaintiff asserts governs this claim, as well applicable Supreme Court precedent interpreting the "equal protection, or equal privileges and immunities" language of the statute, *see Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), the complaint fails to state a Section 1985(3) claim and is dismissed with prejudice.[3]

## V.     CONCLUSION

In accordance with the foregoing, Defendants' motion to dismiss is granted in part and denied in part. Any claims brought against Councilman Polsenelli, Mayor Lloyd and Chief Medeiros in their official capacities are dismissed with prejudice and Plaintiff's 42 U.S.C. § 1985(3) claim is dismissed with prejudice. Defendants' motion is denied in all other respects. An appropriate Order follows.

---

[3] Because it is so obvious that this claim is deficient for failing to allege any invidious discriminatory class-based animus, the Court need not address Defendants' argument relating to whether the intracorporate conspiracy doctrine bars this claim or whether the amended complaint alleged sufficient facts to form the basis of a Section 1985 conspiracy claim.

Dated: November 30, 2016.                                    By the Court,
                                                             s/ Cynthia Reed Eddy
                                                             Cynthia Reed Eddy
                                                             United States Magistrate Judge


cc: all counsel of record via CM/ECF